UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| VERONICA MOLINAS, Individually and on behalf of all other persons similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>BISCUITS & BATH PET SERVICES, LLC,<br><br>Defendant. | ECF CASE<br><br>No.: ____________________<br><br><u>CLASS AND COLLECTIVE ACTION COMPLAINT</u><br><br>JURY TRIAL DEMANDED |

Plaintiff Veronica Molinas hereby alleges through her attorneys, Lipsky Lowe LLP, as against her former employer, Defendant Biscuits & Bath Pet Services, LLC, as follows:

## NATURE OF THE ACTION

1. Plaintiff asserts, on her behalf and on behalf of other similarly situated current and former employees of Defendant, and those who elect to opt into this action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), that Defendant failed to pay overtime premium pay.

2. Plaintiff asserts, on her behalf and on behalf of other similarly situated current and former employees of Defendant, pursuant to Fed. R. Civ. P. 23 (a) and (b), that Defendant willfully violated the New York Labor Law ("N.Y. Lab. Law") by (i) failing to pay commissions; (ii) failing to pay overtime, (iii) failing to provide the Notice and Acknowledgement of Payrate and Payday under N.Y. Lab. Law § 195.1, and (iv) failing to provide an accurate wage statement under N.Y. Lab. Law § 195.3 with every wage payment.

3. Plaintiff also asserts on her behalf that Defendant fired her in retaliation for her protected wage-related complaints in violation of the FLSA and N.Y. Lab. Law.

4. Plaintiff also asserts on her behalf that Defendant fired her in retaliation for her protected complaints concerning dangerous working conditions in violation of the N.Y. Lab. Law.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this matter under 28 U.S.C. §§ 1331 and 1337, 1343, and supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367. The Court also has jurisdiction over Plaintiff's FLSA claims under 29 U.S.C. § 216(b).

6. Venue is proper in this District under 28 U.S.C. §§ 1391(b)(1) and (2).

7. This Court is empowered to issue a declaratory judgment under 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

8. Plaintiff was, at all relevant times, an adult individual residing in New York, New York.

9. Defendant is a domestic limited liability company that is organized under New York law and is authorized to do business in the State of New York. Defendant has registered the following address with the New York Department of State, Division of Corporations, to accept service on its behalf: 41 West 13th Street, New York, New York 10011.

10. Defendant is, upon information and belief, an enterprise engaged in commerce or in the production of goods for commerce. Defendant is engaged in commerce or in the production of goods for commerce, because, *inter alia*, it has employees that handle goods and materials that have been produced for and moved in commerce, and, upon information and belief, its annual gross volume of business is at least $500,000. These goods and materials that have been produced for and moved in commerce, which its employees have handled, include but are not limited to grooming supplies and equipment, veterinary medications, and dog training tools. Defendant's employees also process payments from out of state customers and communicate with those customers as a part of their regular duties.

11. Defendant, either directly or indirectly, hired Plaintiff and other employees, fired Plaintiff and other employees, controlled their work schedules and employment conditions, determined their payment rate and method, and kept at least some records regarding their employment.

12. At any given time, Defendant has had more than 11 employees.

## STATEMENT OF FACTS

### Overview[1]

13. Defendant operates a chain of 18 dog grooming, training, and boarding facilities throughout New York City.

14. Defendant employs, at any one time, approximately 40 dog groomers and bathers, with 2-4 of them being employed at each of its locations at any one time.

15. Defendant's groomers perform duties including but not limited to dog bathing, hair cutting, nail trimming, ear and teeth cleaning, and skin care.

16. Defendant's bathers are typically more junior employees and perform duties including but not limited to bathing and drying the dogs.

17. Defendant employed Plaintiff as a groomer from July 11, 2022 to December 2022, and as a senior groomer from January 2023, until they unlawfully fired her, as explained herein, on July 31, 2025.

### Plaintiff's Work Schedule

18. Plaintiff worked five to six days a week, from 8:30 a.m. to at least 8:00 p.m., with no breaks.

19. Plaintiff typically worked at least 60 hours per week.

[1] Headings are included for organizational purposes only.

20. Plaintiff knows from personal conversations and observations that other groomers and bathers who Defendant employed worked similar hours as she did.

Defendant's Compensation Policies

21. From July 11, 2022 through about December 31, 2022, Defendant paid Plaintiff $16 per hour for hours worked up to 40 in a week.

22. During this time, Defendant did not pay Plaintiff anything for hours worked over 40 in a week.

23. From January 2023 through her last day of employment on July 31, 2025, Defendant paid Plaintiff strictly on a commission basis.

24. During this time, Plaintiff earned a commission of 45% of the total price of a haircut she performed and 25% of the price of any other service she performed.

25. During this time, and upon Plaintiff being designated as a senior groomer, Defendant changed the commission structure to 50% of the price for haircuts and 45% of the price for other services.

26. Whether as a groomer or a senior groomer, Defendant failed to pay Plaintiff the commissions owed to her.

27. From January 2023 through July 31, 2025, Defendant did not pay Plaintiff any overtime premium for hours worked above 40 in a week.

28. Plaintiff knows from personal conversations and observations that other groomers and bathers who Defendant employed were paid similar to the way she was paid.

29. Defendant's groomers and bathers are employed in non-exempt positions and entitled to overtime premium pay.

Defendant's Recordkeeping Policies

30. Defendant did not provide Plaintiff with an accurate wage statement, which contains the required information, under N.Y. Lab. Law § 195.3 with every wage payment.

31. When hiring her and at no point during her employment did Defendant provide Plaintiff with an accurate Notice and Acknowledgment of Payrate and Payday under N.Y. Lab. Law § 195.1.

32. Plaintiff knows from personal conversations that other groomers and bathers who Defendant employed were also not provided with accurate wage statements or wage notices.

33. Defendant's failure to provide its employees with accurate wage notices and wage statements deprived them of the information necessary to review their wages and hours worked and was a direct cause for their economic injury and, in fact, resulted in their wages being underpaid.

34. Had Defendant complied with N.Y. Lab. Law §§ 195.1 and 195.3, its employees would have been able to see that they were not being lawfully paid and would have been able to avoid underpayment of their wages.

35. Defendant knowingly violated the FLSA and N.Y. Lab. Law with the explicit purpose or reducing its labor costs.

36. Defendant did not change its policies, despite Plaintiff complaining about its compensation policies.

37. Due to Defendant's FLSA violations, Plaintiff is entitled to recover compensatory damages, punitive damages, reasonable attorneys' fees, costs, and such other legal and equitable relief as this Court deems just and proper.

Defendant Retaliated Against Plaintiff

38. In late May 2025, Plaintiff complained to human resources multiple times that she was forced to work in a room with electrical outlets that sparked and could cause fires.

39. In response, Defendant did not fix the outlets. Instead, Defendant led a long extension cord from another room into the one Plaintiff used for her work.

40. Not only did this not solve the dangerous outlet condition, it created another dangerous condition in producing a tripping hazard throughout the room the cord came from and in Plaintiff's room.

41. Plaintiff also complained about the tripping hazard, in addition to the uncorrected outlet hazard.

42. Plaintiff complained about the outlet and tripping hazards based on her good faith belief that these working conditions violated some law, rule, or regulation.

43. From the date of Plaintiff's first complaint concerning the outlet hazard to her last day of employment, Defendant failed to correct the outlet or tripping hazards.

44. Also, throughout Plaintiff's employment, Defendant failed to pay her and other similarly situated employees overtime premium pay.

45. During 2025, Plaintiff complained of the lack of pay to Defendant multiple times.

46. Plaintiff's most recent complaint of being underpaid came on July 31, 2025, when she spoke with Defendant's manager, Danielle Obra.

47. Manager Obra assured Plaintiff, falsely, that she was being paid fully and lawfully.

48. Defendant fired Plaintiff in retaliation for her wage-related complaints *that same day.*

49. Defendant also fired Plaintiff in retaliation for her workplace safety complaints,

which were made several times in the two months prior to her termination.

50. Later that day, Obra told Plaintiff she was fired because she refused to train the more junior employees how to bathe the dogs.

51. But Defendant's rationale for Plaintiff's termination is pretextual and meant to conceal the retaliatory nature of its decision because Plaintiff never refused to train other employees, there was no documentation or discussion of such an issue, and Plaintiff consistently worked with more junior employees as a regular function of her job.

52. Throughout her employment, Plaintiff accrued sick time and paid time off, but Defendant refused to let her use either.

53. Due to Defendant's retaliation, Plaintiff is entitled to recover compensatory damages, punitive damages, reasonable attorneys' fees, costs, and such other legal and equitable relief as this Court deems just and proper.

## CLASS ACTION ALLEGATIONS

54. Plaintiff asserts these allegations and claims on her own behalf and on behalf of a class of persons under Fed. R. Civ. P. 23(a), (b)(2) and (b)(3):

> All persons whom Defendant employ and have employed as groomers, bathers, and other comparable positions at any time from November 12, 2019 through the entry of judgment in this case (the "Class Members").

55. The Class Members identified above are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within Defendant's sole control, upon information and belief, about 40 Class Members exist.

56. Plaintiff's claims are typical of the Class Members', and a class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in

the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant.

57. Defendant has acted or refused to act on grounds generally applicable to the Class Members, making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class Members.

58. Plaintiff is committed to pursuing this action and has retained competent counsel who is experienced in employment law, wage and hour law, and class action litigation.

59. Plaintiff has the same interest in this matter as all other Class Members and their claims are typical of Class Members'.

60. Common questions of law and fact exist as to the Class Members that predominate over any questions solely affecting the individual Class Members, including:

a. Whether Defendant employed Plaintiff and the Class Members within the meaning of the N.Y. Lab. Law;

b. What proof of hours worked is sufficient where employers fail in their duty to maintain time records;

c. Whether Defendant paid Plaintiff and the Class Members for all hours worked;

d. Whether Defendant paid Plaintiff and the Class Members overtime premium pay;

e. Whether Defendant paid Plaintiff and the Class Members all of their commissions;

f. Whether Defendant failed to provide Plaintiff and the Class Members Notice and Acknowledgement of Payrate and Payday under N.Y. Lab. Law § 195.1;

g. Whether Defendant failed to provide Plaintiff and the Class Members wages statements under N.Y. Lab. Law § 195.3;

h. Whether Defendant failed to post or keep posted a notice explaining the minimum wages and overtime pay rights provided under the N.Y. Lab. Law in any area where Plaintiff and the Class Members are employed;

i. Whether Defendant is liable for all damages claimed hereunder, including but not limited to, interest, costs and disbursements and attorneys' fees; and

j. Whether Defendant should be enjoined from such violations of the N.Y. Lab. Law in the future.

COLLECTIVE ACTION ALLEGATIONS

61. Under 29 U.S.C. § 206, Plaintiff seeks to assert these allegations and claims as a collective action:

> All persons whom Defendant employ and have employed as groomers, bathers, and other comparable positions at any time from November 12, 2022 through the entry of judgment in this case (the "Collective Action Members").

62. Plaintiff and the Collective Action Members are similarly situated on several legal and factual issues, including:

a. Defendant employed Plaintiff and the Collective Action Members within the meaning of the FLSA;

b. Plaintiff and the Collective Action Members performed similar duties;

c. Defendant willfully or recklessly violated the FLSA;

d. Defendant should be enjoined from such violations of the FLSA in the future; and

e. The statute of limitations should be estopped or equitably tolled due to Defendant's statutory violations.

## FIRST CAUSE OF ACTION
## UNPAID OVERTIME UNDER THE FLSA
## (On Behalf of Plaintiff and the Collective Action Members)

63. Plaintiff realleges every preceding allegation as if set forth fully herein.

64. Plaintiff consents, through counsel, to be a party to this action under 29 U.S.C. § 216(b).

65. Defendant employed, and/or continues to employ, Plaintiff and the Collective Action Members within the meaning of the FLSA.

66. Defendant has been, and continues to be, an employer engaged in interstate commerce and/or the production of goods for commerce under the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

67. Defendant was required to pay Plaintiff and the Collective Action Members no less than 1.5 times the regular rate at which they were employed for all hours worked in excess of 40 hours in a workweek under the overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

68. At all relevant times, Defendant had a policy and practice of refusing to pay Plaintiff and the Collective Action Members the proper overtime compensation to its employees for hours worked in excess of 40 hours per workweek.

69. Defendant was aware or should have been aware that the practices described in this Complaint were unlawful, making its violations willful or reckless.

70. Defendant has not made a good faith effort to comply with the FLSA with respect to Plaintiff and the Collective Action Members' compensation.

71. Due to Defendant's FLSA violations, Plaintiff and the Collective Action Members are entitled to recover from Defendant their unpaid wages, liquidated damages, reasonable

attorneys' fees, costs, pre and post-judgment interest, and any other legal and equitable relief as this Court deems just and proper.

SECOND CAUSE OF ACTION
UNPAID COMMISSIONS UNDER THE NEW YORK LABOR LAW
(On Behalf of Plaintiff and the Class Members)

72. Plaintiff realleges every preceding allegation as if set forth fully herein.

73. Defendant is an "employer" under N.Y. Lab. Law §§ 190, 196-d, 651(5), 652 and supporting New York State Department of Labor Regulations and employed Plaintiff and the Class Members.

74. Plaintiff's and the Class Members' principal duties for Defendant were the selling of services and his earnings were paid in part on commissions and incentives. Plaintiff and the Class Members are each a "commissioned salesperson" within the meaning of the Labor Law. N.Y. Lab. Law § 190.

75. Defendant was required to pay Plaintiff and the Class Members based on the commission rates set forth in their written agreement.

76. Defendant violated the Labor Law by not paying Plaintiff and the Class Members their commissions at the correct rates.

77. Defendant is liable to Plaintiff and the Class Members for all unpaid commissions, attorneys' fees and expenses, prejudgment interest and liquidated damages. N.Y. Lab. Law § 198.1-a.

THIRD CAUSE OF ACTION
FAILURE TO PAY OVERTIME PREMIUM PAY
UNDER THE NEW YORK LABOR LAW
(On Behalf of Plaintiff and the Class Members)

78. Plaintiff realleges every preceding allegation as if set forth fully herein.

79. Under the N.Y. Lab. Law and supporting New York Statement Department of

Labor Regulations, Defendant was required to pay Plaintiff and the Class Members 1.5 times their regular rate of pay for all hours they worked in excess of 40 per workweek. 12 N.Y.C.R.R. § 142-2.2; N.Y. Lab. Law §§ 652, 650 *et seq.*

80. Defendant willfully violated the N.Y. Lab. Law by knowingly and intentionally failing to pay the Class Members the correct amount of overtime wages.

81. Due to Defendant's N.Y. Lab. Law violations, Plaintiff and the Class Members are entitled to recover from Defendant their unpaid wages, liquidated damages, reasonable attorneys' fees, costs, pre and post-judgment interest, and such other legal and equitable relief as this Court deems just and proper.

## FOURTH CAUSE OF ACTION
## FAILURE TO PROVIDE 195.1 NOTICE UNDER THE NEW YORK LABOR LAW
(On Behalf of Plaintiff and the Class Members)

82. Plaintiff realleges every preceding allegation as if set forth fully herein.

83. Defendant willfully failed to supply Plaintiff and the Class Members with the required Notice and Acknowledgement of Pay Rate and Payday under N.Y. Lab. Law § 195.1(a) within 10 business days of their first employment date.

84. Defendant's failure to provide Plaintiff and the Class Members with accurate wage notices deprived them of the information necessary to review their wages and hours worked and was a direct cause for their economic injury and, in fact, resulted in their wages being underpaid.

85. If Defendant had complied with N.Y. Lab. Law § 195.1, Plaintiff and the Class Members would have been able to see that they were not being lawfully paid and would have been able to avoid underpayment of their wages.

86. Due to Defendant's violations of N.Y. Lab. Law § 195.1, Plaintiff and the Class Members are entitled to recover from Defendant $50.00 for each workday that the violations

occurred or continue to occur, or a total of $5,000.00, reasonable attorneys' fees, costs, injunctive and declaratory relief. N.Y. Lab. Law § 198(1)-b (2016).

FIFTH CAUSE OF ACTION
FAILURE TO PROVIDE 195.3 WAGE STATEMENT
UNDER THE NEW YORK LABOR LAW
(On Behalf of Plaintiff and the Class Members)

87. Plaintiff realleges every preceding allegation as if set forth fully herein.

88. Defendant has willfully failed to supply Plaintiff and the Class Members with the required accurate wage statements with every payment of wages, violating N.Y. Lab. Law § 195.3.

89. Defendant's failure to provide their workers with accurate wage statements deprived them of the information necessary to review their wages and hours worked and was a direct cause for their economic injury and, in fact, resulted in their wages being underpaid.

90. If Defendant had complied with the N.Y. Lab. Law § 195.3, Plaintiff and the Class Members would have been able to see that they were not being lawfully paid and would have been able to avoid underpayment of their wages.

91. Due to Defendant's violations of N.Y. Lab. Law § 195.3, Plaintiff and the Class Members are entitled to recover from Defendant $100.00 for each work week that the violations occurred or continue to occur, or a total of $5,000.00, as provided for by N.Y. Lab. Law § 198(1)-d, reasonable attorneys' fees, costs, injunctive and declaratory relief.

SIXTH CAUSE OF ACTION
RETALIATION UNDER THE FLSA
(Brought on Behalf of Plaintiff Only)

92. Plaintiff realleges every preceding allegation as if set forth fully herein.

93. Plaintiff is an employee under 29 U.S.C. § 215(a)(3).

94. Defendant is an employer under 29 U.S.C. § 215(a)(3).

95. Plaintiff's complaints to Defendant concerning the lack of wage payments constitute protected activity under the FLSA.

96. Defendant willfully terminated Plaintiff for complaining about its unlawful pay practices, violating 29 U.S.C. § 215(a)(3).

97. Due to Defendant's FLSA violations, Plaintiff is entitled to recover compensatory damages, punitive damages, reasonable attorneys' fees, costs, and such other legal and equitable relief as this Court deems just and proper.

## SEVENTH CAUSE OF ACTION
## RETALIATION UNDER THE LABOR LAW § 215
(Brought on Behalf of Plaintiff Only)

98. Plaintiff realleges every preceding allegation as if set forth fully herein.

99. Plaintiff is an employee under N.Y. Lab. Law § 215.

100. Defendant is an employer under N.Y. Lab. Law § 215.

101. Plaintiff's complaints to Defendant concerning the lack of wage payments constitute protected activity under the N.Y. Lab. Law.

102. Defendant willfully terminated Plaintiff for complaining about its unlawful pay practices, violating N.Y. Lab. Law § 215.

103. Due to Defendant's N.Y. Lab. Law violations, Plaintiff is entitled to recover compensatory damages, punitive damages, reasonable attorneys' fees, costs, and such other legal and equitable relief as this Court deems just and proper.

## EIGHTH CAUSE OF ACTION
## RETALIATION UNDER THE LABOR LAW § 740
(Brought on Behalf of Plaintiff Only)

104. Plaintiff realleges every preceding allegation as if set forth fully herein.

105. Defendant is an employer within the meaning of N.Y. Lab. Law §§ 190, 196-d, 615(5), 652 and supporting New York State Department of Labor Regulations and employed Plaintiff.

106. Plaintiff complained to Defendant about unlawful practices, which she reasonably believed violated a law, rule, or regulation.

107. Defendant retaliated against Plaintiff by materially altering the terms and conditions of her employment, violating N.Y. Lab. § 740.

108. Defendant constructively terminated Plaintiff for her complaints about its unlawful practices, violating N.Y. Lab. § 740.

109. No legitimate, non-retaliatory reasons exist for the adverse employment actions Defendant took against Plaintiff.

110. Defendant's actions against Plaintiff were willful, malicious and wanton.

111. As a result of Defendant's unlawful actions, Plaintiff has suffered and continues to suffer, *inter alia*, loss of wages, emotional distress, mental anguish, emotional pain, physical pain and suffering, inconvenience, and loss of enjoyment of life.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on her behalf and the Class and Collective Action Members, respectfully requests this Court grant the following relief:

a. Certifying this action as a class action under Fed. R. Civ. P. 23(b)(2) and (3) on behalf of the Class Members and appointing Plaintiff and her counsel to represent the Class Members;

b. Designating this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice under 29 U.S.C. § 216(b) to all similarly situated

members of an FLSA opt-in collective action, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue under 29 U.S.C. § 216(b) and appointing Plaintiff and her counsel to represent the Collective Action Members and tolling of the statute of limitations;

c. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the N.Y. Lab. Law;

d. An injunction against Defendant and its officers, agents, successors, employees, representatives and any and all persons acting in concert with them, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

e. An award for unpaid overtime under the FLSA and N.Y. Lab. Law;

f. An award for unpaid commissions under the N.Y. Lab. Law;

g. An award for failing to provide the N.Y. Lab. Law § 195.1 Notice;

h. An award for failing to provide the N.Y. Lab. Law § 195.3 Wage Statements;

i. An award of liquidated damages as a result of Defendant's willful FLSA violations;

j. An award of liquidated damages as a result of Defendant's N.Y. Lab. Law violations;

k. Equitably tolling the statute of limitations under the FLSA;

l. An award of pre-judgment and post-judgment interest;

m. An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

n. Such other and further relief as this Court deems just and proper.

WHEREFORE, Plaintiff on her behalf respectfully requests this Court grant the following relief:

a. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and N.Y. Lab. Law;

b. An award for compensatory damages and punitive under the FLSA and N.Y. Lab. Law;

c. An award of pre-judgment and post-judgment interest;

d. An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

e. Such other and further relief as this Court deems just and proper.

DEMAND FOR TRIAL BY JURY

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury on all questions of fact the Complaint raises.

Dated: New York, New York
November 12, 2025

LIPSKY LOWE LLP

s/ Douglas B. Lipsky
Douglas B. Lipsky
Frank J. Tantone
420 Lexington Avenue, Suite 1830
New York, New York 10170
212.392.4772
doug@lipskylowe.com
frank@lipskylowe.com
*Attorneys for Plaintiff*
*And All Other Persons Similarly Situated*